FILED
SUPERIOR COURT
OF GUAM

AUG 27 AM 10: 54

CLERK OF COURT
BY

Territorial Law Library

**IN THE SUPERIOR COURT**
**OF GUAM**

| | |
|---|---|
| EVANGELINE P. MARCUS, ) | Civil Case No. CS0522-97 |
| ) | |
| Plaintiff, ) | |
| v. ) | **DECISION AND ORDER** |
| ) | re: Order to Show Cause |
| RAYMOND S. TENORIO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter came before the Honorable Judge Michael J. Bordallo on Aug 06, 2009. The Plaintiff was represented by Attorney Mylene N.R. Lopez. Defendant was represented by Attorney Thomas J Fisher. Having reviewed the memorandum and papers presented, the court now issues the following Decision and Order.

### BACKGROUND

On December 21, 2000, pursuant to the submission and signature of the parties, the Plaintiff's Attorney, and the Assistant Attorney General, the court ordered that the parties comply with the terms of a Stipulation and Order re: Child Support Payments and Child Support Arrears. Paragraph 8 of that stipulation provided,

> That the Plaintiff agrees to claim the two (2) youngest children, to wit: Rome Scott Tenorio and Richard S. Tenorio as dependents for tax purposes commencing year 2000 and every year thereafter, and the Defendant agrees to claim the three (3) oldest children, to wit: LaDonna D. Tenorio, Nicole V. Tenorio and Raymond S. Tenorio, Jr. As dependents for tax purposes commencing year 2000 and every year thereafter.

*Stip.* at 3.

During the years of 2001, 2003, 2005 and 2006.[1] Plaintiff listed as dependents for tax

---

[1] Evidence of Plaintiff listing the above dependants during 2006 is designated in the Plaintiff's August 5, 2009, Exhibit A.



purposes on her tax return LaDonna D. Tenorio, Nichole V. Tenorio and Raymond S. Tenorio. On July 31, 2008, the Guam Department of Revenue and Taxation assessed Plaintiff with the following deficiencies: $3,134.00 for 2003, $5,819.00 for 2005 and $3,252.00 for 2006. The auditor's July 31, 2008 opinion indicates that it disallowed the dependancy claims of both parties pending the decision of the Technical Research and Appeals Branch.

## DISCUSSION

Defendant requests that this court find that Plaintiff acted in contempt of the court's, December 21, 2000 order and be punished in accordance with the law. Specifically the Defendant request that Plaintiff be required to pay his attorneys fees in bringing this action and defending himself in the associated administrative action brought by the Guam Department of Revenue and Tax; Plaintiff having already having been assessed paid the back taxes associated with having listed as dependants, LaDonna D. Tenorio, Nichole V. Tenorio and Raymond S. Tenorio for the tax years 2001, 2003 and 2005.

Plaintiff responds in opposition to Defendant's motion and argues that she, having now payed the back taxes assessed to her, has purged herself of any contemptuous action; that Defendant should be precluded by the equitable doctrine of latches; and that the elements of contempt have not been met because she honestly believed she had the right to claim the additional children as dependants.

In Guam Sections 7111 and 7112 of Title 7 of the Guam Code grant judicial officers the power to compel obedience to their lawful orders and punish those found in contempt. 7 Guam Code Ann. §§ 7111(b) and 7112 (2008). Section 7111(b) provides, "[e]very Judicial Officer shall have the power: (b) To compel obedience to his or her lawful orders as

Page -2-

provided in this Title." *Id.* at § 7111(b) (2008). Section 7112 provides, "[f]or the effectual exercise of the powers conferred by § 7111, a judicial officer may punish for contempt in the cases provided in this Title." *Id.* at §7112.

Subsection 34101(a)(5) of Title 7 of the Guam Code defines contempt as, "[d]isobedience of any lawful judgment, order, or process of the court." 7 Guam Code Ann. § 34101(5) (2008). It further provides that "[a]ny person found guilty of contempt of court, pursuant to §34102(b) [contempt prosecuted on notice and hearing], is subject to the same penalties of a person found guilty of a petty misdemeanor."[2] *Id.* at (b); (parenthetical added).

---

[2] In relevant part Section 34102 of Title 7 provides:

(a) A contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

(b) Except as provided in subsection (a), a contempt shall be prosecuted on notice. The notice shall state the time and place of hearing; allowing reasonable time for the preparation of the defense, and shall state the essential facts constituting the contempt charged and describe it as such.

. . . .

(e) The notice shall be given orally in open court by the judge in the presence of the person charged with contempt ordering that person to appear at the hearing, or on application of the Attorney General, on application by an aggrieved party, or on application of a Guam attorney representing an aggrieved party. The contempt may be prosecuted by an order of arrest, by an order to show cause issued without notice ordering the contemptuous person to appear, or by motion based upon affidavit. Any such motion, order of arrest or order to show cause shall be personally served upon the person so charged; provided, however, that if it appears to the court that a person so charged is avoiding service and that person cannot be found and that person has an attorney of record who is actively at that time representing the person, then, upon ex parte motion with notice to the attorney involved, the court may authorize service on the attorney. If a motion for contempt is made, the clerk of court shall, upon ex parte request of the complaining party without notice to the person charged, issue without charge a summons directed to the person charged with contempt ordering him or her to appear at the hearing on the motion. Such summons shall be personally served

Section 80.34 of Title 9 of the Guam Code regulating the possible term of imprisonment for contempt provides,

> Except as otherwise provided by § 80.36, a person who has been convicted of a misdemeanor or a petty misdemeanor may be sentenced to imprisonment, as follows:
>
> . . . .
>
> (b) in the case of a petty misdemeanor, the court shall set a definite term not to exceed sixty (60) days.

9 Guam Code Ann. § 80.34 (2008). Section 80.50 of the same title regulating the fines applied to contempt finding provides,

> a person who has been convicted of an offense may be sentenced to pay a fine or to make restitution not exceeding:
>
> . . . .
>
> (d) Five Hundred Dollars ($500.00), when the conviction is of a petty misdemeanor or violation;
> (e) Any higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue. For purposes of this Section, the term gain means the amount of money or the value of the property derived by the offender and the term loss means the amount of value separated from the victim;

*Id.* at §80.50 (2008). After a review of the court's jurisdictional contempt authority the court is unable to identify any provision of Guam law which specifically allows it to award attorney's fees to the prevailing party in an order to show cause for contempt action.[3]

_____

on the person so charged.

7 Guam Code Ann. §34102 (2008).

[3] The court notes that it is aware of Rule 2.1 of the General Rules of the Local Rules of the Superior Court that as follows,
> The violation of or failure to conform to any of these General Rules, the Guam Rules of Civil Procedure, or the Local Rules of the Superior Court of Guam – Civil Rules shall subject the offending party or counsel to such penalties,

Page -4-

In 2003 the Guam Supreme Court analyzing the Superior Court's contempt authority explained, "[t]he elements of contempt are generally: '1) a valid order, 2) knowledge of the order, 3) ability to comply with the order, and 4) willful failure to comply with the order.'" *Rodriguez v. Rodriguez*, 2003 Guam 8, ¶15 (Sup. Ct. Guam 2003). In this case it was the Defendant's burden to prove by a preponderance of the evidence each of the elements above. *Id.* at ¶18. Defendant at the hearing argued that Plaintiff's memorandum in opposition conceded elements 2 through 4 above and proffered the validity of the December 21, 2000 order has never been contested.

A review of the file herein and Plaintiff's exhibits and affidavit clearly show by a preponderance of the evidence that she acted in contempt of the the Court's December 21, 2000 order. First, the court finds that the Plaintiff's exhibits and affidavit concede the Stipulation was valid. Second the court finds that Plaintiff had knowledge of the order. Her signature and that of her attorney is affixed to the second to last page of the stipulation and she refers to its existence in her affidavit and exhibits. Third, the court finds that the Plaintiff's co-operation with the Department of Revenue and Tax demonstrates well as does her affidavit, that she had the ability to comply with the December 21, 2000 order. Finally, the court finds that Plaintiff's Exhibit A, submitted on August 5, 2000, in addition to her affidavit, sufficiently Demonstrates Plaintiff's will failure to comply with the order.

As a defense, Plaintiff asserts she has "purged" herself of the contemptuous action by conceding to the Guam Department of Revenue and Taxation that she in error, listed as dependants the children not designated to her in paragraph 8 of the December 21, 2000

including monetary sanctions and/or the imposition of costs and attorney's fees to opposing counsel, as the Court may deem appropriate under the circumstances. Super. Ct. Guam R.2.1 (2008). On its face this rule is limited to the enforcement of the rules of the court and not of its orders. *Id.*

stipulation. Plaintiff cites no authority to support a finding that a person can purge their contemptuous actions, nor is the court, after a cursory review able to locate any such authority. Furthermore, although relevant to the court's decision of an imposition of the civil penalty for contempt, the court does not find Plaintiff's proffer of actions to remedy the harm, are relevant to a defense of whether Plaintiff acted in contempt of its December 21, 2000 order.

Defendant requests that the court order that the Plaintiff pay him for the attorney fees he has expended in defending the instant action and in defending himself in the supplemental Guam Department of Revenue and Tax. This request is not supported by any legal or statutory authority. A summary review contempt based awards of attorneys fees in other jurisdictions all arise from some statutory or other legal grant of judicial authority. The court is unaware of any such authority in Guam. *LaCroix v. Marshall County Bd. of Sup'rs*, --- So.3d ----, 2009 WL 2502086, ¶39 (Miss. App. Ct. 2009); *Wiggins v. Bright*, 679 S.E.2d 874, 877 (N.C. App. Ct. 2009); *Celini v. Celini*, 973 A.2d 664, 673 (Conn. App. Ct. 2009).

**CONCLUSION**

For the reasons above the court finds Plaintiff in contempt of Paragraph 8 of its December 21, 2000 order. Defendant on August 6, 2009 was ordered to provide the court with an affidavit of costs and attorney fees. The court has not yet received Defendant's affidavit. Defendant is therefore ordered to provide the court with a affidavit of loss detailing those expenses, which supplemental to the expenses he has incurred in defending

Page -6-

this action, he has incurred as a result of the Plaintiff's Contemptuous behavior, within the next 14 days. After which the matter of the Defendant's loss will be set for hearing.

SO ORDERED this 27 day of August 2009.

_____

Honorable Michael J. Bordallo
Judge, Superior Court of Guam

I HEREBY CERTIFY that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam

AUG 27 2009

Ryan T. Balajadia
Deputy Clerk, Superior Court of Guam